**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| LATOYA RIPPY, | | : | |
| | *Plaintiff,* | : | |
| | | : | Civil Action No.: 19-01839 |
| v. | | : | |
| | | : | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA, *et al.* | | : | |
| | *Defendants*. | : | |

**DEFENDANTS, PUBLIC HEALTH MANAGEMENT CORPORATION,
KRISTINE ARRIETA, AND CHERIE WALKER-BABAN'S ANSWER TO
PLAINTIFF'S THIRD AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, Public Health Management Corporation, Kristine Arrieta, and Cherie Walker-Baban (hereinafter referred to collectively as, "Answering Defendants" or respectively as "PHMC," "Arrieta," and "Walker-Baban"), by and through undersigned counsel, hereby answers Plaintiff's Third Amended Complaint ("Complaint") as follows:

**ANSWER**

**NATURE OF THE CASE**

1. The allegations of Paragraph 1 of the Third Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the averments set forth therein are denied.

2. The allegations of Paragraph 2 of the Third Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the averments set forth therein are denied.

## JURISDICTION AND VENUE

3.      The allegations of Paragraph 3 of the Third Amended Complaint are conclusions of law to which no response is required.  To the extent a response is required, the averments set forth therein are denied.

4.      The allegations of Paragraph 4 of the Third Amended Complaint are conclusions of law to which no response is required.  To the extent a response is required, the averments set forth therein are denied.

5.      The allegations of Paragraph 5 of the Third Amended Complaint are conclusions of law to which no response is required.  To the extent a response is required, the averments set forth therein are denied.

6.      Admitted only that Plaintiff filed a Charge of Discrimination (the "Charge") with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").  The remaining averments are denied.  The Charge is a document that speaks for itself, and any characterization thereof is denied.

7.      Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 7 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

8.       Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 8 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

9.      Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 9 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

10.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 10 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

11.     Admitted.

12.     Admitted only that Plaintiff commenced this civil action within ninety (90) days of the EEOC's issuance of the Notice of Rights Dismissal Letter on February 7, 2019.  Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining averments, and, therefore, same are denied.

13.     The allegations of Paragraph 13 of the Third Amended Complaint are conclusions of law to which no response is required.  To the extent a response is required, the averments set forth therein are denied.

## PARTIES

14.     Admitted upon information and belief.

15.     Admitted.

16.     Admitted only that the City of Philadelphia's Department of Health operates under the supervision of the City of Philadelphia's Managing Director under the provisions of the City's Home Rule Charter.  *See* Art. V, § 5-300-303 of the City of Philadelphia Home Rule Charter.  The

remaining averments are denied.  To the extent that the averments set forth in Paragraph 16 of the Third Amended Complaint constitute conclusions of law, no response is required.

17.     The allegations of Paragraph 17 of the Third Amended Complaint are conclusions of law to which no response is required.  To the extent a response is required, the averments set forth therein are denied.

18.     Admitted only to the extent Plaintiff avers that Answering Defendant PHMC is a 501(c)(3) organization organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office located at 1500 Market Street, Suite 1500, Philadelphia, PA 19102.

19.     Admitted only to the extent that Plaintiff avers that she was employed by Answering Defendant PHMC.  The remaining averments are denied.

20.     Denied.  Answering Defendant PHMC's website is a writing that speaks for itself, and any characterization thereof is strictly denied.

21.     Admitted only to the extent that Plaintiff avers that Defendant Tony Gerard was employed by the Center for Disease Control at all times material to the Third Amended Complaint. The remaining averments are denied.  Defendant Gerard was dismissed from this action by Order of the Court dated February 19, 2020.

22.     Denied. To the extent that these averments constitute conclusions of law, no response is required.

23.     Admitted only to the extent that Plaintiff avers that Defendant Walker-Baban was employed by PHMC at all times material to the Third Amended Complaint.  The remaining averments are denied.

24.     Denied. To the extent that these averments constitute conclusions of law, no response is required.

25.     Admitted only to the extent that Plaintiff avers that Defendant Leslie Gaymon was employed by PHMC at all times material to the Third Amended Complaint.  The remaining averments are denied.  By way of further answer, Defendant Gaymon was dismissed from this action by Order of the Court dated February 19, 2020.

26.     Denied. To the extent that these averments constitute conclusions of law, no response is required.

27.     Admitted only to the extent that Plaintiff avers that Defendant Arrieta was employed by PHMC at all times material to the Third Amended Complaint.  The remaining averments are denied.

28.     Denied. To the extent that these averments constitute conclusions of law, no response is required.

29.     The allegations of Paragraph 29 of the Third Amended Complaint are conclusions of law to which no response is required.  To the extent a response is required, the averments set forth therein are denied.

30.     The allegations of Paragraph 30 of the Third Amended Complaint are conclusions of law to which no response is required.  To the extent a response is required, the averments set forth therein are denied.

31.     Admitted only to the extent that Plaintiff avers that Defendant PHMC was her employer at all times material to the Third Amended Complaint.  The remaining averments are denied.

**MATERIAL FACTS**

32.      Denied as stated.  It is admitted only that Plaintiff began her employment with PHMC on or about August 2011.  The remaining allegations of this paragraph are denied and strict proof of the same is demanded.

33.      Denied as stated.  It is admitted only that during her employment with PHMC as a Disease Intervention Specialist ("DIS"), Plaintiff worked at an office location in Heath Center 1, located at 500 S. Broad Street, Philadelphia, Pennsylvania.  By way of further response, after September 18, 2018, Plaintiff worked at Health Center 5, located at 1900 N. 20th Street, Philadelphia, Pennsylvania.  The remaining allegations of this paragraph are denied and strict proof of the same is demanded.

34.      Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 34 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demands strict proof thereof at trial, to the extent they are relevant.

35.      Denied.  To the extent that the averments of this paragraph are directed to a Defendant other than Answering Defendants, no response is required.

36.      Denied.  To the extent that the averments of this paragraph are directed to a Defendant other than Answering Defendants and/or constitute conclusions of law, no response is required.

37.      Denied.  To the extent that the averments of this paragraph are directed to a Defendant other than Answering Defendants, no response is required.

38.      Denied.  To the extent that the averments of this paragraph are directed to a Defendant other than Answering Defendants, no response is required.

39.     Denied.   To the extent that the averments of this paragraph are directed to a Defendant other than Answering Defendants, no response is required.

40.     Denied.   Defendant PHMC maintained its own anti-harassment and anti-discrimination polices, to which Plaintiff was bound.   To the extent that the averments of this paragraph are directed to a Defendant other than Answering Defendants, no response is required.

41.     Denied.   To the extent that the averments of this paragraph are directed to a Defendant other than Answering Defendants, no response is required.

42.     Denied.   To the extent that the averments of this paragraph are directed to a Defendant other than Answering Defendants, no response is required.

43.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 43 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

44.     Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 44 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

45.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 45 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

46.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 46 of the Third Amended Complaint.

Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

47.     Denied.

48.     Denied.

49.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 49 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

50.     Denied.

51.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 51 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

52.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 52 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

53.     Denied.

54.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 54 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

55.     Denied.

56.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 56 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

57.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 57 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

58.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 58 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

59.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 59 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

60.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 60 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

61.     Admitted only to the extent that Plaintiff, Gerard and Defendant Arrieta met in August 2017 to review Plaintiff's annual evaluation.  The evaluation was presented to Plaintiff on August 31, 2017.  The remaining averments are denied.

62.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining averments set forth in Paragraph 62 of the Third Amended Complaint.   Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

63.     Denied.

64.     Admitted only that a sexual harassment training was held in January of 2018.   The remaining averments are denied.

65.     Denied as stated.   It is admitted only that the sexual harassment training took place at Heath Center 1 offices, located at 500 S. Broad Street, Philadelphia, Pennsylvania.   The remaining allegations of this paragraph are denied and strict proof of the same is demanded.

66.     Admitted only that Gerard failed to register for the training.   The remaining averments are denied.

67.     Denied.

68.     Denied.   To the extent that the averments of this paragraph are directed to a Defendant other than Answering Defendants, no response is required.

69.     Denied as stated.   It is admitted only that Plaintiff returned to her office at Health Center 1 after attending the January 2018 training.   The remaining allegations of this paragraph are denied and strict proof of the same is demanded.

70.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 70 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

71.      Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 71 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

72.      Denied.

73.      Denied.

74.      Denied.

75.      Denied.

76.      Denied.

77.      Denied.

78.      Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 78 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

79.      Denied.

80.      Denied.

81.      Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 81 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

82.      Denied.

83.      Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 83 of the Third Amended Complaint.

Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

84.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 84 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

85.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 85 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

86.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 86 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 90 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

91.     Denied.

92.     Denied.

93.     Admitted only that, on or about September 14, 2018, Plaintiff reported certain of Gerard's behavior to Leslie Gaymon.  The remaining averments are denied.

94.     Admitted only that, on or about September 14, 2018, Plaintiff reported certain of Gerard's behavior to Leslie Gaymon.  The remaining averments are denied.

95.     Admitted only that Plaintiff had told Gaymon that the alleged harassment had occurred on multiple occasions.  The remaining averments are denied.

96.     Admitted.

97.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 97 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

98.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 98 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

99.     Admitted only that Plaintiff met with Defendant Walker-Baban and Melinda Salmon on September 17, 2018.  Salmon participated by phone.  The remaining averments are denied.

100.     Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining averments set forth in Paragraph 100 of the Third Amended Complaint.  Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

101.    Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 101 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

102.    Admitted only that Defendant Walker-Baban asked Plaintiff to meet with her on September 17, 2018, in the building's library.  The remaining averments are denied.

103.    Admitted only that Defendant Walker-Baban asked Plaintiff to meet with her on September 17, 2018, in the building's library.  The remaining averments are denied.

104.    Admitted.

105.     Admitted only that Plaintiff reported certain of Gerard's behavior to Defendant Walker-Baban and Melinda Salmon.  The remaining averments are denied.

106.    Denied.

107.    Admitted only that Plaintiff was later reassigned to Health Center 5.  The remaining averments are denied.

108.    Denied.

109.    Admitted only that Defendant Walker-Baban told Plaintiff she could leave the premises at noon on September 17.  The remaining averments are denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Admitted only that Gaymon sent Plaintiff an e-mail on September 17, 2018.  The remaining averments are denied.  The e-mail is a writing that speaks for itself, and any characterization thereof is strictly denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 123 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

124.    Denied as stated.  It is admitted only that Donna Hollins, HR Business Partner at PHMC, contacted Plaintiff on September 18, 2018, pursuant to an investigation initiated in response to Plaintiff's complaint.  The remaining allegations of this paragraph are denied and strict proof of the same is demanded.

125.    Denied.

126.    Admitted only that Plaintiff had not yet spoken with Defendant Arrieta about her allegations.  The remaining averments are denied.

127.    Denied as stated.  It is admitted only that Plaintiff requested an opportunity to provide a written statement to Ms. Hollins pursuant to the investigation.  The remaining allegations of this paragraph are denied and strict proof of the same is demanded.

128.    Admitted only that Ms. Hollins invited Plaintiff to give a formal statement of her allegations.  The remaining averments are denied.

129.    Admitted only that Ms. Hollins informed Plaintiff that she would begin reporting to Health Center 5 on September 19, 2018.  The remaining averments are denied.

130.    Admitted only that Defendant Arietta sent an e-mail to Plaintiff and 35 other recipients at 2:37 p.m. on September 18, 2018.  The e-mail is a writing that speaks for itself, and any characterization of same is expressly denied.

131.    Denied as stated.  It is admitted only that Plaintiff reported to work at Health Center 5 on September 19, 2018.  The remaining allegations of this paragraph are denied and strict proof of the same is demanded.

132.    Admitted only that Nashira Alston was interviewed by Donna Hollins, Defendant Walker-Baban and Defendant Arrieta on September 18, 2018.  Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining averments set forth in Paragraph 132 of the Third Amended Complaint.  Therefore, Answering Defendant denies these averments and demands strict proof thereof at trial, to the extent they are relevant.

133.    Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 133 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

134.    Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 134 of the Third Amended Complaint. Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

135.    Denied.

136.    Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining averments set forth in Paragraph 136 of the Third Amended Complaint.   Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

137.    Answering Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining averments set forth in Paragraph 137 of the Third Amended Complaint.   Therefore, Answering Defendants deny these averments and demand strict proof thereof at trial, to the extent they are relevant.

138.    Admitted only that Defendant Arrieta sent Plaintiff an e-mail on September 26, 2018, at 10:11 a.m. that is referenced in Paragraph 138 of the Third Amended Complaint.  The e-mail is a writing that speaks for itself, and any characterization of same is expressly denied.

139.    Admitted only that Defendant Arrieta sent Plaintiff an e-mail on October 4, 2018, at 5:04 p.m. that is referenced in Paragraph 139 of the Third Amended Complaint.  The e-mail is a writing that speaks for itself, and any characterization of same is expressly denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Admitted only that Defendant scheduled Plaintiff for phlebotomy training on December 3, 2018.  The remaining averments are denied; it is specifically denied that the training scheduled was a form of retaliation.

144.    Denied.

145.    Denied.

146.   Admitted only that Plaintiff's mileage reimbursements were reviewed by Defendant Arrieta and her supervisor, Nora McCloskey.  The remaining averments are denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.  To the extent the averments set forth in Paragraph 150 of the Third Amended Complaint constitute conclusions of law, no response is required.

151.   Denied.

152.   Denied.

153.   Denied.

154.   The averments set forth in Paragraph 154 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the averments set forth therein are denied.

155.   The averments set forth in Paragraph 155 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the averments set forth therein are denied.

156.   The averments set forth in Paragraph 156 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the averments set forth therein are denied.

157.   The averments set forth in Paragraph 157 of the Third Amended Complaint constitute conclusions of law to which no response is required.

158.   The averments set forth in Paragraph 158 of the Third Amended Complaint constitute conclusions of law to which no response is required.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**(against the CITY and PHMC only)**

159.     Answering Defendants incorporate by reference Paragraphs 1 through 158 of the foregoing Answer as if same were set forth fully herein.

160.-162.  The averments set forth in Paragraphs 160 through 162 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

**SECOND CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**(against the CITY and PHMC only)**

163.     Answering Defendants incorporate by reference Paragraphs 1 through 162 of the foregoing Answer as if same were set forth fully herein.

164.-166.  Count II was dismissed from this action by Order of the Court dated February 19, 2020, to the extent that it is predicated upon race discrimination.  The averments set forth in Paragraphs 164 through 166 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

**THIRD CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**(against corporate Defendants only)**

167.     Answering Defendants incorporate by reference Paragraphs 1 through 166 of the foregoing Answer as if same were set forth fully herein.

168.-188.     The averments set forth in Paragraphs 164 through 188 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

**FOURTH CAUSE OF ACTION**
**RETALIATION UNDER TITLE VII**
**(against the CITY and PHMC only)**

189.    Answering Defendants incorporate by reference Paragraphs 1 through 166 of the foregoing Answer as if same were set forth fully herein.

190.-191.    The averments set forth in Paragraphs 190 through 191 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

**FIFTH CAUSE OF ACTION**
**DISCRIMINATION UNDER STATE LAW**
**(against all Defendants)**

192.    Answering Defendants incorporate by reference Paragraphs 1 through 192 of the foregoing Answer as if same were set forth fully herein.

193.-195.    Plaintiff voluntarily dismissed Count V to the extent it is asserted against Defendants Arrieta and Walker-Baban and Leslie Gaymon (*see* ECF. 50 at 13), therefore, no response is required.  The averments set forth in Paragraphs 193 through 195 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

**SIXTH CAUSE OF ACTION**
**AIDING AND ABETTING UNDER STATE LAW**
**(against individual Defendants only)**

196.    Answering Defendants incorporate by reference Paragraphs 1 through 195 of the foregoing Answer as if same were set forth fully herein.

197.-198.    Count VI was dismissed from this action by Order of the Court dated February 19, 2020, therefore, no response is required.

**SEVENTH CAUSE OF ACTION**
**RETALIATION UNDER STATE LAW**
**(against all Defendants)**

199.    Answering Defendants incorporate by reference Paragraphs 1 through 198 of the foregoing Answer as if same were set forth fully herein.

200.-201.    The averments set forth in Paragraphs 200 through 201 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

## EIGHTH CAUSE OF ACTION
## DISCRIMINATION UNDER PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE
### (against all Defendants)

202.    Answering Defendants incorporate by reference Paragraphs 1 through 201 of the foregoing Answer as if same were set forth fully herein.

203.-205.    The averments set forth in Paragraphs 203 through 205 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

## NINTH CAUSE OF ACTION
## AIDING AND ABETTING
## UNDER PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE
### (against all Defendants)

206.    Answering Defendants incorporate by reference Paragraphs 1 through 205 of the foregoing Answer as if same were set forth fully herein.

207.-208.    The averments set forth in Paragraphs 207 through 208 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

**TENTH CAUSE OF ACTION**
**RETALIATION**
**UNDER PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

209.    Answering Defendants incorporate by reference Paragraphs 1 through 208 of the foregoing Answer as if same were set forth fully herein.

210.-211.    The averments set forth in Paragraphs 210 through 211 of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

**ELEVENTH CAUSE OF ACTION**
**DISCRIMINATION**
**UNDER 42 U.S.C. SECTION 1981**
**(against PHMC, Gaymon, Arrieta, and Walker-Baban)**

212.    Answering Defendants incorporate by reference Paragraphs 1 through 211 of the foregoing Answer as if same were set forth fully herein.

213.-214.    Count XI was dismissed from this action by Order of the Court dated February 19, 2020, therefore, no response is required.

**TWELFTH CAUSE OF ACTION**
**RETALIATION**
**UNDER 42 U.S.C. SECTION 1981**
**(against PHMC, Gaymon, Arrieta, and Walker-Baban)**

215.    Answering Defendants incorporate by reference Paragraphs 1 through 214 of the foregoing Answer as if same were set forth fully herein.

216.-217.    Count XII was dismissed from this action by Order of the Court dated February 19, 2020, therefore, no response is required.

### THIRTEENTH CAUSE OF ACTION
### DISCRIMINATION
### UNDER 42 U.S.C. SECTION 1983
### (against the CITY)

218.    Answering Defendants incorporate by reference Paragraphs 1 through 217 of the foregoing Answer as if same were set forth fully herein.

219.-228.    Count XIII was dismissed from this action by Order of the Court dated February 19, 2020, therefore, no response is required.

### FOURTEENTH CAUSE OF ACTION
### RETALIATION
### UNDER 42 U.S.C. SECTION 1983
### (against the CITY)

229.    Answering Defendants incorporate by reference Paragraphs 1 through 228 of the foregoing Answer as if same were set forth fully herein.

230.-242.    Count XIV was dismissed from this action by Order of the Court dated February 19, 2020, therefore, no response is required.

### JURY DEMAND

243.    Answering Defendants hereby demand a trial by jury on all claims asserted in Plaintiff's Third Amended Complaint.

### PRAYER FOR RELIEF

244.    Answering Defendants specifically deny that they engaged in any unlawful discriminatory/retaliatory practices or unlawful practices in violation of the statutes or laws set forth in Plaintiff's Third Amended Complaint, and further deny that Plaintiff is entitled to any remedies pursuant to those statutes or laws.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

1.      Answering Defendants incorporate by reference Paragraphs 1 through 244 of the foregoing Answer as if same were set forth fully herein.

2.      Plaintiff has failed to state a claim upon which relief can be granted under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq. ("Title VII"); the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*; and/or the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1100 *et seq.*.

3.      Neither Defendant Arrieta nor Defendant Walker-Baban were a "supervisors" for the purposes of imposing liability under the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*; and/or the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1100 *et seq.*.

4.      Defendants Arrieta and/or Walker-Baban did not aid, abet, incite, compel, or coerce any unlawful discriminatory practice as defined by the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*; and/or the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1100 *et seq.*.

5.      Plaintiff did not suffer severe or pervasive sexual harassment as a matter of law, and, as such, her hostile work environment claim is foreclosed.

6.      Defendant PHMC did not exercise control over Gerard's employment, and, as such, is not liable for the hostile work environment to which Plaintiff alleges she was subjected.

7.      Plaintiff failed to promptly report the alleged harassment.

8.      Answering Defendants had legitimate, non-discriminatory business reasons for all actions taken with respect to Plaintiff.

9.      Plaintiff was not discriminated against, harassed, retaliated against or treated less favorably than any other employee because of the complaint she lodged against Gerard in September 2018.

10.     Plaintiff's Third Amended Complaint should be dismissed, in whole or in part, because some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

11.     To the extent that Plaintiff's Third Amended Complaint seeks relief for employment discrimination or retaliation that are beyond the scope of the subject Charge No. 530-2019-00182 filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC"), such claims are barred.

12.     To the extent that Plaintiff's Title VII claims and/or Philadelphia Fair Practices Ordinance claims are based on events alleged to have occurred more than 300 days before the filing of EEOC Charge No. 530-2019-00182, such claims are barred.

13.     To the extent that Plaintiff's PHRA claims are based on events alleged to have occurred more than 180 days before the filing of EEOC Charge No. 530-2019-00182, such claims are barred.

14.     Defendant PHMC has a well-disseminated and consistently enforced policy against harassment, discrimination and retaliation, as well as a reasonable and available procedure for receiving and investigating complaints of harassment and retaliation.  To the extent Plaintiff failed to use or otherwise avail herself of these policies and procedures, her claims are barred.

15.     Plaintiff's claims for discrimination, harassment, and retaliation are barred, and recovery of damages is precluded, because Answering Defendants exercised reasonable care to prevent and promptly correct any allegedly unlawful conduct.

16.     Plaintiff's Punitive Damages claim is barred, in whole or in part, because no acts attributable to Defendant were taken with malice, willfulness or reckless disregard of Plaintiff's rights.

17.     Answering Defendants' alleged actions or omissions were not the cause in fact or the proximate cause of the harm alleged by Plaintiff.

18.     Plaintiff's injuries and damages, if any, are unrelated to any actions or omissions on the part of Answering Defendants.

19.     At all times relevant hereto, Answering Defendants acted without malicious intent and acted in good faith and with reasonable justification or belief in the legality and lawfulness of its actions and its actions were reasonable considering all of the circumstances.

20.     If it is determined that Plaintiff suffered damages, which Answering Defendants specifically deny, Plaintiff's damages are barred in whole or in part by the failure of Plaintiff to mitigate her damages.

**WHEREFORE**, Answering Defendants hereby judgment in their favor and against Plaintiff.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
    RONDA K. O'DONNELL
    Attorney ID No. 47603
    MONICA L. SIMMONS
    Attorney ID No. 323605
    2000 Market Street, Suite 2300
    Philadelphia, PA  19103
    P: (215) 575-2697/2658 F: (215) 575-0856
    E-mail:  rkodonnell@mdwcg.com
    mlsimmons@mdwcg.com

    *Attorneys for Defendants, PHMC, Cherie*
    *Walker-Baban, and Kristine Arrieta*

Date: <u>March 11, 2020</u>

## CERTIFICATE OF SERVICE

I, Ronda K. O'Donnell, Esquire, do hereby certify that a true and correct copy of the Defendants, Public Health Management Corporation, Kristine Arrieta, and Cherie Walker-Baban' Answer to Plaintiff's Third Amended Complaint with Affirmative Defenses, was electronically filed with the Court on <u>March 11, 2020</u>, and is available for viewing and downloading from the ECF System.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:_____
       RONDA K. O'DONNELL
       *Attorney for Defendants, PHMC, Cherie
       Walker-Baban, and Kristine Arrieta*